IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-01976-PAB-CBS

VIDAL RODRIGUEZ and
SUI RODRIGUEZ,

      Plaintiffs,

v.

DILLON COMPANIES, INC.,

      Defendant.

_____

## ORDER
_____

      This matter is before the Court on Plaintiffs' Motion Seeking Fed. R. Civ. P. 37

Sanctions for Defendant's Violation of Fed. R. Civ. P. 26(e) [Docket No. 89].  The

motion is fully briefed and ripe for disposition.

      In their motion, plaintiffs contend that, as required by Federal Rule of Civil

Procedure 26(e)(1), defendant failed to supplement initial disclosures regarding the

addresses of two potential witnesses, Remy Cross and Cecilia Medina, who were

employed by defendant at the time of the accident at issue in this case.  As a sanction,

plaintiffs request that the Court "preclude defendant from presenting any evidence

concerning (a) its defenses to plaintiff's claims, (b) the policies and procedures it

generally follows to prevent slip-and-fall accidents in its El Jebel, Colorado

supermarket, (c) the procedures it actually followed on the day of plaintiff's accident,

and (d) documents relating to employee Cecilia Medina."  Docket No. 89 at 1.

      The Local Rules in this District provide that the Court "will not consider any

motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless counsel for the

moving party . . ., before filing the motion, has conferred or made reasonable,

good-faith efforts to confer with opposing counsel . . . to resolve the disputed matter."

D.C.COLO.LCivR 7.1(A).  Furthermore, the "moving party shall state in the motion, or in

a certificate attached to the motion, the specific efforts to comply with this rule."

D.C.COLO.LCivR 7.1(A).  Contrary to plaintiffs' view, *see* Docket No. 93 at 4, plaintiffs'

request for the addresses from defendant in May 2011 does not constitute an effort to

confer regarding resolution of the present motion, filed five months later, seeking Rule

37 sanctions against defendant.  This failure to comply with D.C.COLO.LCivR 7.1(A)

constitutes a sufficient basis to deny plaintiffs' motion.

Furthermore, plaintiffs have failed to provide a persuasive basis to impose the

sanctions they request.  Federal Rule of Civil Procedure 37(c)(1) provides that, "[i]f a

party fails to provide information or identify a witness as required by Rule 26(a) or (e),

the party is not allowed to use that information or witness to supply evidence . . . at a

trial, unless the failure was substantially justified or is harmless."  Here, neither side

seeks to call Remy Cross or Cecilia Medina as a witness, and thus this portion of Rule

37(c)(1) is not an appropriate basis for sanctions.  Rule 37(c)(1)(C) also permits a court

to "impose other appropriate sanctions, including any of the orders listed in Fed. R. Civ.

P. 37(b)(2)(A)(i)-(vi)."  Plaintiffs request that the Court impose a sanction pursuant to

Fed. R. Civ. P. 37(b)(2)(A)(ii), which permits a court, upon determining that a party

"fail[ed] to obey an order to provide or permit discovery," to prohibit "the disobedient

party from supporting or opposing designated claims or defenses, or from introducing

designated matters in evidence."  Plaintiffs identify no court order they believe

2

defendant disobeyed.

Even assuming such a sanction is available in the absence of a court order pursuant to Rule 37(c)(1)(C), plaintiffs identify no basis to impose such sweeping sanctions in addition to the sanction provided for in Rule 37(c)(1).  Plaintiffs argue that preventing defendant from "presenting any defense at trial" is justified in light of "defense counsel's egregious misconduct in withholding the information that plaintiffs' counsel requested for Cross and Medina."  Docket No. 89 at 8.  Plaintiffs, however, made their request for current addresses on May 5, 2011.  *See* Docket No. 89 at 3.  In the five months between making that request and the present motion, plaintiffs apparently never raised the issue with defendant again.  Defendant represents that plaintiffs never sought to depose either Remy Cross or Cecilia Medina.  Furthermore, plaintiffs revised their witness list on September 27, 2011, removing Remy Cross and Cecilia Medina.   The Court does not find that this series of events is consistent with "gamesmanship" by defendant aimed at "depriv[ing] plaintiffs of the opportunity to refute [defendant's evidence] with testimony of store employees who were present at the time of the accident."  Docket No. 89 at 7.

Moreover, plaintiffs' delay cuts against finding that any failure by defendant to supplement its disclosures was not harmless.  *See* Fed. R. Civ. P. 37(c)(1).  "In determining whether the failure to comply with Rule 26(a) is justified or harmless, courts weigh four factors: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *ClearOne Communications, Inc. v. Biamp Systems*, --- F.3d ----, 2011

3

WL 3437796, at *10 (10th Cir. Aug. 8, 2011) (citing *Jacobsen v. Deseret Book Co.*, 287

F.3d 936, 953 (10th Cir. 2002) (quotations and citation omitted)).  Applying these

factors to the facts of this case does not justify the imposition of sanctions.  Plaintiffs

have known since May 5, 2011 that Cross and Medina were no longer at defendant's

store, which means there is no surprise.  To the extent that plaintiffs cannot cure the

problem, it is largely the result of plaintiffs failing to raise the issue earlier.  The third

*Clear One Communications* factor is inapplicable since neither side presently seeks to

introduce testimony by Cross or Medina.  And, finally, plaintiffs have not shown that any

act or omission by defendant constitutes a willful or bad faith violation of discovery

obligations.[1]

For the foregoing reasons, it is

**ORDERED** that Plaintiffs' Motion Seeking Fed. R. Civ. P. 37 Sanctions for

Defendant's Violation of Fed. R. Civ. P. 26(e) [Docket No. 89] is DENIED without

prejudice.  If defendant seeks to call either Remy Cross or Cecilia Medina at trial,

plaintiffs may renew their motion.  It is further

**ORDERED** that defendant shall provide plaintiffs with Remy Cross's identifying

information on or before **12:00 p.m.** on **Friday, October 14, 2011**.

---

[1]Plaintiffs contend that Rule 37(c)(1) supports the preclusion of evidence regarding "the policies and procedures it generally follows to prevent slip-and-fall accidents in its supermarket," "the procedures it actually followed on the day of plaintiff's accident," and "documents relating to employee Cecilia Medina."  Docket No. 89 at 7.  Plaintiffs, however, have only alleged a violation of Fed. R. Civ. P. 26(e) in relation to the obligations imposed by Fed. R. Civ. P. 26(a)(i), which relates to witnesses.

DATED October 13, 2011.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge